IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CRAIG RICHBURG,
    *Plaintiff*,

v.

ANNE ARUNDEL COUNTY, MARYLAND, *et al.*,
    *Defendants*

No. 25-cv-195-ABA

**MEMORANDUM OPINION AND ORDER**

Plaintiff initially filed this case in the Circuit Court for Anne Arundel County, Maryland, against various defendants. One of the defendants, Anne Arundel County, removed the case to this Court on January 21, 2025. ECF No. 1. On February 6, 2025, Defendants Anne Arundel County, Maryland, Anne Arundel Police Department, C.J. Eslick, and Jennifer Spieth (the "County Defendants") filed a motion to dismiss for failure to state a claim, which has been fully briefed. ECF Nos. 11, 12-13, 29. A month later, on March 6, 2025, Plaintiff filed motions for clerk's entry of default as to Defendants Heartley House, House of Ruth of Maryland, Deena Hausner, Luann Edwards, and Kaldikan Kifle. ECF Nos. 14-18. The Clerk's Office entered default and mailed notices of default as to those defendants. ECF Nos. 19-28. Defendants House of Ruth of Maryland, Deena Hausner, Luann Edwards (the "House of Ruth Defendants") and Heartley House have now filed motions to vacate the orders of default, arguing that service of process was not properly effectuated. ECF Nos. 31-33, 35. Plaintiff opposes these motions. ECF Nos. 38-40, 42.

**A.     Motions to vacate entries of default**

The Fourth Circuit has a "strong policy that cases be decided on their merits." *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). A court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The "good cause" standard in Rule 55(c) is relatively "forgiving of defaulting parties because it does not implicate any interest in finality." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 420 (4th Cir. 2010). "[R]elief from a judgment of default should be granted where the defaulting party acts with reasonable diligence in seeking to set aside the default and tenders a meritorious defense." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) ("[T]rial judges are vested with discretion, which must be liberally exercised, in entering [default] judgments and in providing relief therefrom."); *see also Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967) ("Generally a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense.").

The Fourth Circuit has established several factors (known as the "*Payne* factors") as relevant for determining whether to set aside an entry of default, namely "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne ex rel. Est. of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006).

The Court finds that the House of Ruth Defendants and Defendant Heartley House have satisfied the standard to set aside the entries of default. The Court does not decide at this time whether Plaintiff has stated claims on which relief can be granted against those defendants. But these Defendants have adequately shown that *Payne* factors weighs heavily in favor of vacating the entries of default and permitting the parties to litigate this case on the merits (if Plaintiff elects to move forward with claims against these defendants, and at least in the event Plaintiff properly serves these defendants). *See Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988) (explaining that to establish a meritorious defense a defaulting party must make "a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim"). These Defendants acted with reasonable promptness by filing motions to vacate the entries of default within a month after default was entered; there is no history of dilatory action. Plaintiff also has failed to show that he would suffer prejudice as a result of setting aside the defaults, and "delay in and of itself does not constitute prejudice to the opposing party." *Colleton*, 616 F.3d at 418. Lastly, as to the personal responsibility for the default and the availability of less drastic sanctions, the default appears to be largely attributable to improper service of process by Plaintiff, so assessing personal responsibility and less drastic sanctions is largely unavailing.

**B.    County Defendants' motion to dismiss**

As noted, the County Defendants have filed a motion to dismiss. ECF No. 11. Plaintiff filed two response briefs. ECF Nos. 12 & 13. The County Defendants filed a reply brief. ECF No. 29. As an initial matter, under the Local Government Tort Claims Act ("LGTCA"), Md. Code Ann., Cts. & Jud. Proc. §§ 5-301 through 5-304, any notice of

intent to sue was required to be filed by April 26, 2022. Mr. Richburg alleges that he sent notice on November 9, 2022. ECF No. 3. ¶ 14. The County Defendants contend no notice was filed at all, but regardless, insofar as notice was filed, it was untimely, and accordingly Counts 1, 3, 4, 6, 7, 8 and 9 are dismissed. That leaves only Count 2 against the County Defendants, asserted under 42 U.S.C. § 1983. With respect to the defendant identified as the "Anne Arundel County Police Department," the County Defendants have explained that is not a legal body capable of being sued, ECF No. 11-1 at 5–7, and Plaintiff concedes this "is accurate." ECF No. 13 at 3. With respect to Defendant Anne Arundel County, Maryland (the "County"), Plaintiff has not alleged a § 1983 claim against the County on which relief can be granted for the reasons stated in section F.1 of the County Defendants' brief. ECF No. 11-1 at 14–18.

      That leaves the § 1983 claims against Sgt. Spieth and Cpl. Eslick (the "Officer Defendants"). Those claims fail for two reasons. First, there is no evidence that Plaintiff properly served the Officer Defendants. Second, those defendants contend they are entitled to qualified immunity. ECF No. 11-1 at 10–12. Specifically, they contend that they "are alleged to have worked with the Police Department's Mobile Crisis Unit to get co-Defendant Kalkidan Kifle into a domestic violence shelter to get away from Mr. Richburg," and "could not have reasonably believed by doing so that they were violating the constitutional rights of Mr. Richburg." *Id.* at 12. Mr. Richburg did not directly respond to the arguments about qualified immunity. His argument for why his allegations overcome qualified immunity is that "[t]he suit alleges that the police officers actively filed and/or or knew that the criminal charges filed against the Plaintiff we're [*sic*] false and participated in that crime/ intentionally tortious act because of racial or gender animus against plaintiff," which he contends constitutes "clear violation of his

civil rights and legal right conferred unto him the US Constitution." ECF No. 13 at 4. As to his argument of "racial or gender animus," the complaint does not assert such a theory as part of Count 2, and a plaintiff may not amend a complaint through a brief in opposition to a motion to dismiss. *Sager v. Housing Com'n of Anne Arundel County*, 855 F. Supp. 2d 524, 557 (D. Md. 2012). And as to his claim that the Officer Defendants were involved in seeking "false" criminal charges against him, he was arrested pursuant to a warrant, ECF No. 3 ¶ 99, and beyond conclusory allegations the complaint does not plausibly allege facts that would permit the Court to conclude that the warrant lacked probable cause. *See Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998). Plaintiff's allegations, even accepted as true, are insufficient to overcome the Officer Defendants' assertion of qualified immunity.

**C.    Conclusion and Order**

For these reasons, it is hereby ORDERED as follows:

1. The Motions to Vacate Entry of Default (ECF Nos. 31, 32, 33, 35) are GRANTED.

2. The previously filed Entries of Default for Defendants Heartley House, House of Ruth of Maryland, Deena Hausner, and Luann Edwards (ECF Nos. 21, 23, and 25) are VACATED.

3. If Plaintiff wishes to move forward with claims against Defendants Heartley House, House of Ruth of Maryland, Deena Hausner, Luann Edwards, he must file proposed summonses, properly serve them upon issuance of summonses by the Clerk, and file new Return of Service forms. Short of that, these defendants are under no present obligation to respond to the complaint.

4. With respect to the County Defendants' motion to dismiss (ECF No. 11), that motion is GRANTED, and all claims against the County Defendants are DISMISSED. The dismissal of counts 1, 3, 4, 6, 7, 8 and 9 is with prejudice. The dismissal of count 2 is with prejudice with respect to the Anne Arundel County Police Department and Anne Arundel County, Maryland. The dismissal of count 2 is without prejudice with respect to Sgt. Spieth and Cpl. Eslick.

Date:  June 17, 2025

_____/s/_____
Adam B. Abelson
United States District Judge